HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN MODERN SELECT INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL KOSKI and SHANNON KOSKI,<br><br>    Defendants. | CASE NO. C13-5264 RBL<br><br>ORDER<br><br>[Dkt. #s 10 & 14] |

THIS MATTER is before the Court on Plaintiff American Modern Select Insurance Company's Motion for Leave to take the deposition of non-party Robert Baker before the time otherwise permitted by the Civil Rules [Dkt. #10], and Baker's Emergency Motion for Limited Intervention, Protection Order, and Sanctions [Dkt. #14].

Robert Baker was badly injured while clearing trees on property owned by the Koskis, who are his friends and neighbors. The Koskis are insured under a manufactured homeowner's policy issued by Plaintiff AMSIC. Baker apparently sent the Koskis a demand letter which included a short response time. AMSIC filed this Declaratory Judgment action seeking a determination that Baker's claims against the Koskis are not covered under its policy. Though it

had already notified Baker's attorney of its intent to proceed in defending Baker's claim against the Koskis under a reservation of rights, it did not name Baker in the action.

AMSIC now seeks to depose Baker prior to the time otherwise allowed under the Rules, at least in part because of the deadline contained in his letter to the Koskis. The Koskis oppose the Motion, citing possible prejudice to them in deposing the injured Baker at this early stage. AMSIC claims that the Koskis are not being truthful about the bases for any potential prejudice.

Meanwhile, Baker seeks to intervene in the case, but only for the limited purpose objecting to the deposition notice AMSIC served on him and opposing AMSIC's effort to depose him early. He claims he has a well-established right to participate in the declaratory judgment action (*citing Trinity Universal Ins.c Co. v. Willrich*, 13 Wn.2d 263, 271-272(1942) and that he is a necessary party to it under Fed. R. Civ. P. 19. At the same time, he "wishes to leave it up to AMSIC whether to take the proper steps to make him a party." Baker also claims that if he were a party he could seek and obtain a stay[1] of the Declaratory Judgment Action under the *Brillhart –Wilton* doctrine.

AMSIC argues that while Baker is perhaps a proper party, he is not a necessary party to this action. It argues that he is playing games and that his motion for limited intervention should be denied.

---

[1] Baker's claim that if he were a party the Court would necessarily stay the dec action under the *Brillhart-Wilton* doctrine may not be correct. An insurer has a right to a determination of its coverage obligations, and it can obtain that determination promptly so long as doing so does not prejudice the insured's defense of the underlying claim. *See* Thomas V. Harris' WASHINGTON INSURANCE LAW, § 14–4 (1995) (*citing Western Nat'l Assur. Co. v. Hecker*, 43 Wn. App. 816, 821 22 n.1, 719 P.2d 116 (1986))("If an insurer does not unconditionally accept its insured's tender of defense, the insured has an unrestricted right to prosecute a concurrent declaratory-judgment action. She is not required to await the resolution of the tort claim. An insurer may litigate a coverage action during the pendency of the tort litigation unless the declaratory-judgment action might prejudice its insured's tort defense.")

1    It is clear that AMSIC is entitled (and perhaps) obligated to promptly bring this action to
2 determine its coverage obligations to the Koskis.  It is also clear that AMSIC could have named
3 Baker in the action.  It is not clear why AMSISC did not do so, and it seems at least possible that
4 that decision and the decision to seek to depose him immediately are related and tactical.  At the
5 same time it is not clear why Baker has chosen to insist he has a right to be a party while being
6 careful not to ask the Court to make him a party at this time.
7    In any event, the Koskis have properly and persuasively argued that Mr. Baker's
8 deposition should be taken in due course, and not prior to the time otherwise provided by the
9 Rules.
10   The Motion for leave to take Baker's deposition early is DENIED.  The Motion for
11 limited intervention for the purpose of objecting to the deposition is GRANTED, and those
12 objections have been registered.  Baker's Motion for a Protective Order is DENIED as moot.
13 The Motion for Sanctions is DENIED without prejudice.  The parties are encouraged to resolve
14 Mr. Baker's status in the case going forward sooner rather than later, and to work cooperatively
15 on resolving future discovery disputes despite the stakes in this litigation.
16   IT IS SO ORDERED.
17   Dated this 20th day of June, 2013.

          _____
          RONALD B. LEIGHTON
          UNITED STATES DISTRICT JUDGE